UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| RASHIA LEKESHA BARNES GILLIAM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:21cv384 |
| | ) | |
| ELLEN MARIE HESS, *in her official* | ) | |
| *capacity as Commissioner of the Virginia* | ) | |
| *Employment Commission*, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss filed by Defendant Ellen Marie Hess ("Defendant").  Mot. Dismiss, ECF No. 10.  The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 10, will be GRANTED, and this civil action will be DISMISSED.

**I.   RELEVANT PROCEDRUAL BACKGROUND**

On July 14, 2021, Plaintiff Rashia LeKesha Barnes Gilliam ("Plaintiff"), appearing *pro se*, initiated this action by filing an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint against Defendant, in Defendant's official capacity as the Commissioner of the Virginia Employment Commission ("VEC").  IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1.  On August 4, 2021, the Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's Complaint.  Order at 1, ECF No. 2; Compl., ECF No. 3.

On August 27, 2021, Defendant filed a Motion to Dismiss and provided *pro se* Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States

District Court for the Eastern District of Virginia.    Mot. Dismiss at 1-3, ECF No. 10; *see* E.D.

Va. Loc. Civ. R. 7(K).    Plaintiff filed an Opposition to Defendant's motion, Defendant filed a

Reply, and Plaintiff filed a Surreply.[1]    Opp'n, ECF No. 12; Reply, ECF No. 13; Surreply, ECF

No. 14.    Defendant's Motion to Dismiss is ripe for adjudication.

## II.   FACTUAL BACKGROUND

In the "Basis for Jurisdiction" section of Plaintiff's Complaint, Plaintiff checked the box

to indicate that this Court may exercise federal question jurisdiction over this action.    Compl. at 3,

ECF No. 3.    When asked to identify "the specific federal statutes, federal treatises, and/or

provisions of the United States Constitution that are at issue in his case," Plaintiff states: "This

case is against [the] Virginia Employment Commission due to them not handling my claim in the

timeline that was set forth by the law.    I have been waiting since October 2020 without payment."

*Id*.

In the "Statement of Claim" and "Relief" sections of her Complaint, Plaintiff summarizes

her claim as follows:

> Due to underlying health issues[,] my doctor ordered me to self quar[an]tine and
> work from home starting April 2020[,] . . . which I couldn't do [because] I worked
> as a CNA.    I got benefit[s] up until October 2020 when I had to reapply for my
> claim[.]    I have not gotten any of my entitlement at all.
>
> I would like [the] VEC to pay me[.]    They sent me several letter[s] two weeks
> ago[.]    One stated that due to my health issues and letter from my doctor[,] I was
> approved.    The other letter said I was denied because I put I wasn't able and
> available to work.    I thought they were asking if I could go back to the nursing
> home[,] which I couldn't[,] but once I found out from other claimants what they
> meant[,] I changed it to able and available to work.

---

[1] The Court notes that certain filings by the parties did not comply with the procedures set forth in the Local Civil Rules of this Court.    For example, Plaintiff's Opposition was not filed within twenty-one days of the date on which Defendant filed its Motion to Dismiss, Defendant's Reply was not filed within six calendar days after the service of Plaintiff's Opposition, and Plaintiff filed a Surreply without seeking leave of Court to do so.    *See* Opp'n, ECF No. 12; Reply, ECF No. 13; Surreply, ECF No. 14; *see also* E.D. Va. Loc. Civ. R. 7(F); E.D. Va. Loc. Civ. R. 7(K). Nevertheless, in the interests of justice and in deference to Plaintiff's *pro se* status, the Court has considered all of the parties' filings in its analysis of Defendant's Motion to Dismiss.

*Id*. at 4.   As relief, Plaintiff seeks $15,600.00 in monetary damages.   *Id*. at 5.

In her Opposition, Plaintiff indicates that after she initiated this action, she "had an appeal hearing with a VEC Deputy," who found that Plaintiff was entitled to benefits.   Opp'n at 1, ECF No. 12; *see* Decision Appeals Examiner, ECF No. 12-1.[2]   Plaintiff states that she received $10,885 from the VEC, but that "according to [Plaintiff's] calculation[s], [she] is owed [a] total of $15,469.00," plus $5,000 for emotional distress."   *Id*.

### III.   ANALYSIS

#### A.   Standards of Review Under Federal Rules 12(b)(1) and 12(b)(6)

Defendant seeks dismissal of this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.   Dismissal is warranted under Federal Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence.   *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009).   A Rule 12(b)(1) motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."   *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).   In determining whether subject matter jurisdiction exists, the district court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."   *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 566-67 (E.D. Va. 2009).

---

[2] The Court notes that in determining whether subject matter jurisdiction exists, the district court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."   *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson*, 682 F. Supp. 2d at 567 (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the Court must accept all factual allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff. *Id*.

**B.  Discussion**

In her Motion to Dismiss, Defendant argues, among other things, that this action should be dismissed on jurisdictional grounds. Mem. Supp. Mot. Dismiss at 7-9, ECF No. 11. To support her position, Defendant first argues that Plaintiff's Complaint fails to include "any factual basis" to suggest that this Court may exercise either federal question jurisdiction or diversity jurisdiction over this action. *Id*. at 7 (citing 28 U.S.C. §§ 1331, 1332). Although Defendant recognizes that Plaintiff checked the box in her Complaint to indicate that federal question jurisdiction applies to this action, Defendant correctly notes that Plaintiff "does not cite any federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." *Id*.

Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *Vuyyuru*, 555 F.3d at 347. A federal court has subject matter jurisdiction over (i) civil cases "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); or (ii) civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332. As noted above, Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *Vuyyuru*, 555 F.3d at 347-48.

4

The Court finds that diversity jurisdiction does not apply to this action because the parties are not diverse and the amount in controversy does not reach the statutory threshold.   *See* Compl. at 1-2, 5, ECF No. 3.   Additionally, the Court finds that Plaintiff's Complaint does not identify a federal claim that would allow the Court to exercise federal question jurisdiction over this action. *Id*. at 1-5.   Therefore, the Court finds that dismissal of Plaintiff's Complaint is warranted.

Defendant also argues that dismissal of this action is warranted because (i) "Plaintiff has failed to exhaust her state administrative remedies established by Title 60.2 of the Code of Virginia;" and (ii) even if Plaintiff had exhausted her state administrative remedies, VEC determinations may be appealed to the appropriate circuit court, not the federal court.   Mem. Supp. Mot. Dismiss at 8-9.

As this Court has explained:

> Title 60.2 of the Code of Virginia creates a detailed, mandatory process for appealing determinations by the VEC.   The claimant, if she so chooses, must appeal the VEC's initial determination within thirty days to an appeal tribunal appointed by the Commissioner that "shall affirm, set aside, reverse, modify, or alter" the initial determination.   Va. Code Ann. § 60.2-620(A).   Then, the Commission may, on its own authority or following the claimant's filing of an appeal within thirty days, "affirm, modify, or set aside any decision of an appeal tribunal."   *Id*. § 60.2-622(A).   The claimant may only seek judicial review in the state circuit court in which she was last employed after the Commission's final determination.   *Id*. § 60.2-625(A).   Then, if she so chooses, the claimant must appeal a decision by the state circuit court to the Virginia Court of Appeals.   *Id*.

*Colvin v. Hess*, No. 3:21cv746, 2022 U.S. Dist. LEXIS 6571, at *4-5 (E.D. Va. Jan. 12, 2022); *see Collins v. Hess*, No. 1:21cv750, 2021 U.S. Dist. LEXIS 143004, at *4 (E.D. Va. June 23, 2021) (explaining that "[o]nly after the VEC's internal appellate process has been exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in the circuit court of the county or city in which the individual who filed the claim was last employed'—not in federal court" (citing Va. Code Ann. § 60.2-625(A))).

Based on the allegations of Plaintiff's Complaint, it is clear that Plaintiff did not exhaust her state administrative remedies regarding her unemployment claim prior to filing her lawsuit. *See* Compl. at 4 (referring only to the VEC's initial determinations); *see also Colvin*, 2022 U.S. Dist. LEXIS 6571, at *5-6 (finding that a plaintiff in a similar *pro se* action failed to demonstrate the exhaustion of state administrative or judicial remedies, and explaining that "[c]ourts in this district have been unanimous in their refusal to grant subject matter jurisdiction in similar cases").

Further, as noted above, Plaintiff states in her Opposition that she has since "had an appeal hearing with a VEC Deputy," who found that Plaintiff was entitled to benefits.   Opp'n at 1, ECF No. 12; *see* Decision Appeals Examiner, ECF No. 12-1.   However, Plaintiff believes that, "according to [her] calculation[s]," Plaintiff is entitled to additional payments.   Opp'n at 1.   To the extent that Plaintiff is now asking this Court to review the propriety of the decision of the VEC appeals examiner, the Court finds that it lacks authority to do so.   *See Colvin*, 2022 U.S. Dist. LEXIS 6571, at *6 (explaining that a federal district court "has no authority to hear an appeal of the VEC's benefits determination" and advising that such appeals must be filed "in the appropriate body granted authority to review the VEC's determination").

For these additional reasons, the Court finds that dismissal of Plaintiff's Complaint is warranted.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 10, will be GRANTED, and this civil action will be DISMISSED.

An appropriate Order shall issue.

/s/ _____

Roderick C. Young
United States District Judge

Norfolk, Virginia
January 27, 2022